Todd Krakower, Esq.
Krakower DiChiara LLC
77 Market Street, Suite 2
Park Ridge, NJ 07656
Telephone: 201-746-0303
Fax: 347-765-1600

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
RICARTE ECHEVARRIA,

              Plaintiff,

-against-

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT; and
ANNE-MARIE HENDRICKSON, in her official
and individual capacity,

              Defendants.
-------------------------------------------------------x

**COMPLAINT**

**CIVIL ACTION NO.**

**DEMAND FOR JURY TRIAL**

Plaintiff, by his attorneys, KRAKOWER DICHIARA LLC, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

**INTRODUCTION**

1. Plaintiff brings this action seeking monetary and equitable relief based upon Defendants' violations of 42 U.S.C. Section 1983 and New York Civil Service Law Section 75-b (hereinafter "CLS § 75-b") as a result of maltreatment and retaliatory actions taken against him.

2. Plaintiff seeks economic and compensatory damages and punitive damages to the extent allowable by law, and other appropriate legal and equitable relief pursuant to federal and state law.

## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) as this matter involves a federal question.

4. This Court has supplemental jurisdiction over the New York state law claims under 28 U.S.C. § 1367(a), as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Defendants.**

7. The Department of Housing Preservation and Development ("HPD") is, and at all times material hereto was, a public employer as that term is defined by N.Y. CLS Civ. S. §75-b and is an agency of Defendant City of New York.

8. At all times relevant to this Complaint, Defendant HPD employed Plaintiff.

9. At all times relevant herein, Defendant Anne-Marie Hendrickson was the Deputy Commissioner of the Office of Asset and Property Management within HPD.

10. At all times relevant to this Complaint, Defendant City of New York employed Plaintiff.

**Plaintiff**

11. Plaintiff Ricarte Echevarria ("Plaintiff") is a resident of Kings County in the State of New York.

12. Plaintiff was employed by Defendants as Director of the Tenant Interim Lease Program at HPD from August 24, 2015 until September 9, 2016 when he was wrongfully terminated.

## FACTS

13. While employed at the City's HPD, Plaintiff was responsible for the day-to-day operations of the Tenant Interim Lease Program (TIL).

14. The TIL Program assists organized tenant associations in City-owned buildings to develop economically self-sufficient low-income cooperatives where tenants purchase their apartments for $250.

15. Tenant associations enter into a lease with the City to maintain and manage the buildings in which they live.

16. Each tenant association participating in the TIL Program has a Net Lease with HPD that conveys property management and building operations to the Tenants' Association, including tenant selection.

17. Each Tenants' Association operates under by-laws that specifically govern tenant selection procedures and protocols.

18. Per the relevant rules and procedures, HPD's only involvement in tenant selection is approving each tenant selected by the Tenant Associations.

19. Shortly after Plaintiff began working for HPD, Plaintiff began raising concerns about various unlawful activities to his supervisors and to the New York City Department of Investigation ("DOI").

20. Shortly after Plaintiff began working for Defendant HPD, Plaintiff began raising issues to his supervisors and to the DOI, which Plaintiff reasonably believed to constitute improper governmental action.

21. Specifically, in January 2016, Defendant Hendrickson—Deputy Commissioner of the Office of Asset and Property Management and Plaintiff's supervisor—sent Plaintiff an email directing him to grant an apartment in one of the buildings he managed for Mr. Brown.

22. At all times relevant to this Complaint, Mr. Brown was an individual who was a resident of another state and a relative of an employee in the NYC Law Department.

23. As Mr. Brown was a resident of another state, providing Mr. Brown with one of the low-income apartments violated relevant laws and regulations.

24. Upon information and belief, Mr. Brown was not selected or approved by any Tenant Association.

25. Plaintiff met with Vivian Louie—Assistant Commissioner of the HPD—in her office, and complained that giving Mr. Brown an apartment was unlawful because Mr. Brown did not meet any criteria or administrative purpose for receiving such an apartment.

26. Ms. Louie responded that she "hated when [Defendant Hendrickson] does stuff like this."

27. Ms. Louie further conceded that Mr. Brown did not meet any of the required criteria to be granted an apartment within the TIL Program.

28. Nevertheless, over Plaintiff's objections, Defendant Hendrickson and Ms. Louie proceeded to provide an apartment for Mr. Brown.

29. Plaintiff reasonably believed Defendant Hendrickson's and Ms. Louie's actions to constitute improper governmental action.

30. In May 2016, Plaintiff reported Defendant Hendrickson's and Ms. Louie's unlawful actions to the New York City Department of Investigation (DOI).

31. Plaintiff met with Deputy Inspector General David Jordan in Plaintiff's office and complained of Defendant Hendrickson's and Ms. Louie's unlawful actions.

32. Plaintiff informed Mr. Jordan that he would provide the DOI with documents regarding his complaint once Plaintiff received an apartment inspection report for the apartment selected by Mr. Brown.

33. Accordingly, on August 12, 2016, Plaintiff sent an email to Mr. Jordan and Ondie Frederick, an employee of the DOI, with documents related to Mr. Brown's unlawful apartment selection, as well as a copy of the email from Defendant Hendrickson instructing Plaintiff to grant Mr. Brown an apartment.

34. On August 18, 2016, Plaintiff met with Mr. Jordan and Ms. Frederick to discuss Plaintiff's concerns regarding the legality and propriety of providing Mr. Brown with an apartment through the TIL Program.

35. During the August 18, 2016 meeting, Plaintiff, Mr. Jordan, and Ms. Frederick discussed whistle-blower protection for Plaintiff.

36. During the August 18, 2016 meeting, Mr. Jordan exclaimed that the selection of apartment for Mr. Brown through the TIL program "wreaks of impropriety!"

37. Shortly thereafter, on August 29, 2016, Deputy Director Joan Smith walks into Plaintiff's office and informs Plaintiff that the DOI requested a copy of the apartment scope for the apartment linked to Mr. Brown.

38. Plaintiff instructed Ms. Smith to provide the DOI with any documents they requested.

39. Later in the day on August 29, 2016, Ms. Louie sends an email to Plaintiff directing Plaintiff to provide Ms. Louie with full access to Plaintiff's calendar.

40. At no point in Plaintiff's employment as Director prior to his complaints to the DOI had Ms. Louie requested full access to Plaintiff's calendar.

41. Plaintiff called the DOI and spoke with Ms. Frederick about Ms. Louie's calendar request.

42. Ms. Frederick consulted with Jessica Heegan, Inspector General for HPD, and then Ms. Frederick instructed Plaintiff to delete all calendar events reflecting his meetings with the DOI and then to provide Ms. Louie with access to Plaintiff's calendar.

43. The DOI began scheduling interviews and investigating Plaintiff's complaints in mid-August 2016.

44. Immediately thereafter, on September 9, 2016, Defendant Hendrickson summarily and unlawfully terminated Plaintiff in retaliation for his complaints.

45. Plaintiff was terminated in retaliation for his complaints to governmental bodies.

46. Plaintiff was terminated in retaliation for his complaints to the DOI.

47. Plaintiff was terminated in violation of NY Civil Service Law § 75-b.

48. Defendants committed the above alleged acts knowingly, intentionally and willfully.

**FIRST CLAIM FOR RELIEF**
**RETALIATION AGAINST PLAINTIFF FOR EXERCISING FREEDOM OF SPEECH IN VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS AND §1983**

49. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

50. Plaintiff's complaints to Defendants' regarding Defendants' unlawful actions were made as a private citizen.

51. By complaining of the government's unlawful usage of governmental housing and public funds, Plaintiff complained of a matter of public concern.

52. While acting under color of State Law, Defendants violated Plaintiff's First Amendment rights by retaliating against him for exercising his freedom of speech as a citizen with regard to matters of public concern by being an informant and/or reporting of unethical practices regarding improper governmental actions.

53. As a proximate result of Defendants' retaliatory actions against Plaintiff, Plaintiff has suffered and continues to suffer a loss of past and future income, monetary damages, humiliation, severe emotional distress, mental and physical anguish and suffering, and damage to his professional reputation, in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**
**(Retaliation in Violation of N.Y. CLS Civ. S. §75-b)**

54. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

55. Section 75-b of the New York Civil Service Law provides: "A public employer shall not dismiss or take other disciplinary or other adverse personnel action against a public employee regarding the employee's employment because the employee discloses to a governmental body information: (i) regarding a violation of a law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety; or (ii) which the employee reasonably believes to be true and reasonably believes constitutes an improper governmental action."

56. Plaintiff reasonably believed Ms. Hendrickson and Ms. Louie engaged in improper governmental actions.

57. Plaintiff complained to his supervisors about actions Plaintiff reasonably believed to constitute improper governmental action.

58. By complaining to his supervisors about actions Plaintiff reasonably believed to constitute improper governmental action, Plaintiff engaged in protected activity pursuant to N.Y. CLS Civ. S. §75-b.

59. Plaintiff provided his supervisors reasonable time to take appropriate action in response to his complaints of improper governmental action.

60. Plaintiff's supervisors failed to take any actions to remedy the issues complained of by Plaintiff.

61. Plaintiff also complained to the DOI about actions Plaintiff reasonably believed to constitute improper governmental action.

62. By complaining to the DOI about actions Plaintiff reasonably believed to constitute improper governmental action, Plaintiff engaged in protected activity pursuant to N.Y. CLS Civ. S. §75-b.

63. In response to Plaintiff's complaints of improper governmental action, Defendants subjected Plaintiff to unlawful personnel action.

64. In response to Plaintiff's complaints of improper governmental action, Defendants unlawfully terminated Plaintiff.

65. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages in amount to be determined at trial and attorneys' fees, as provided by N.Y. CLS Civ. S. §75-b.

WHEREFORE, Plaintiffs demand judgment against the Defendant in an amount in excess of the jurisdictional limits of the lower courts, together with the costs and disbursements of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

B. Penalties available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees, including fees pursuant to applicable statutes;

E. Pre-Judgment and post-judgment interest, as provided by law; and

    F.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

| | |
|---|---|
| Dated: Park Ridge, New Jersey<br>August 11, 2017 | Respectfully submitted,<br><br>KRAKOWER DICHIARA LLC<br><br>By:<br><br>   s/ Todd Krakower<br><br>Todd Krakower<br><br>One Depot Square<br>77 Market Street, Suite 2<br>Park Ridge, New Jersey 07656<br>201-746-6333<br>347-765-1600 (fax)<br><br>*Attorneys for Plaintiff* |

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.