UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RICARTE ECHEVARRIA,

                              Plaintiff,

       -against-

CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT; and ANNE-MARIE HENDRICKSON, in her official and individual capacity,

                              Defendants.

**ANSWER**

17-cv-06073 (AT)

------------------------------------------------------------------------ x

        Defendants, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their Answer to the Complaint, filed on August 11, 2017 ("Complaint"), respectfully allege as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        5.     Deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff purports to invoke the venue of the Court as stated therein.

6. Deny the allegations set forth in paragraph "6" of the Complaint, and respectfully refer the Court to 28 U.S.C. §§ 2201 and 2202, for a complete and accurate statement of their contents.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that the New York City Department of Housing Preservation and Development ("HPD") is a public employer and an agency of the City of New York, and respectfully refer the Court to N.Y. CLS Civ. S. § 75-b for a complete and accurate statement of its contents and New York City Charter § 1802 for a complete and accurate statement of the powers and functions of HPD.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that Plaintiff commenced employment with HPD on August 24, 2015 and was terminated on September 9, 2016.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Defendant Anne-Marie Hendrickson ("Hendrickson") was employed as a Deputy Commissioner for HPD during the relevant time period.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Plaintiff commenced employment with HPD on August 24, 2015 and was terminated on September 9, 2016.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Plaintiff commenced employment with HPD on August 24, 2015 as the Director of the Tenant Interim Lease Program ("TIL") and was terminated on September 9, 2016.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Plaintiff was employed by HPD as the Director of TIL and was responsible for the management of the program.

14. Deny the allegations set forth in paragraph "14" of the Complaint, respectfully refer the Court to the TIL Bylaws and Net Lease for a complete and accurate statement of the functions of the program, and state affirmatively that tenants in TIL can purchase their apartments for $2,500.

15. Deny the allegations set forth in paragraph "15" of the Complaint, and respectfully refer the Court to the TIL Bylaws and Net Lease for a complete and accurate statement of the functions of the program.

16. Deny the allegations set forth in paragraph "16" of the Complaint, respectfully refer the Court to the TIL Bylaws and Net Lease for a complete and accurate statement of the functions of the program, and state affirmatively that, under TIL, HPD has final say in tenant selection.

17. Deny the allegations set forth in paragraph "17" of the Complaint, and respectfully refer the Court to the TIL Bylaws and Net Lease for a complete and accurate statement of the functions of the program.

18. Deny the allegations set forth in paragraph "18" of the Complaint, and respectfully refer the Court to the TIL Bylaws and Net Lease for a complete and accurate statement of the functions of the program.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's subjective beliefs.

21. Deny the allegations set forth in paragraph "21" of the Complaint, and respectfully refer the Court to the email from Hendrickson, dated January 20, 2016, for a complete and accurate statement of its contents.

22. Deny the allegations set forth in paragraph "22" of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning "Mr. Brown's" residency.

23. Deny the allegations set forth in paragraph "23" of the Complaint, respectfully refer the Court to the TIL Bylaws and Net Lease for a complete and accurate statement of the rules and regulations of the program, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning "Mr. Brown's" residency.

24. Deny the allegations set forth in paragraph "24" of the Complaint, and state affirmatively that HPD terminated "Mr. Brown's" application before any Tenant Association could accept or reject him.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint, and state affirmatively that HPD never provided an apartment to "Mr. Brown" under TIL.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's subjective beliefs.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint, except admit that Plaintiff informed David Jordan ("Jordan") of the New York City Department of Investigation ('DOI') that he would provide DOI with documents regarding his complaint concerning "Mr. Brown," and state affirmatively that Plaintiff never provided such documents.

33. Deny the allegations set forth in paragraph "33" of the Complaint, except admit that Plaintiff forwarded Hendrickson's email, dated January 20, 2016, to Ondie Frederick ("Frederick") and Jordan of DOI.

34. Deny the allegations set forth in paragraph "34" of the Complaint, except admit that Plaintiff met with Frederick and Jordan in August 2016 to discuss the alleged provision of an apartment to "Mr. Brown" under TIL.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit that Joan Smith ("Smith"), a Deputy Director at HPD, informed Plaintiff that DOI requested the apartment scope for the apartment identified for "Mr. Brown."

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint, and respectfully refer the Court to the email from Louie to Plaintiff, dated August 29, 2016, for a complete and accurate statement of its contents.

40. Deny the allegations set forth in paragraph "40" of the Complaint, except admit that Louie first requested access to Plaintiff's electronic calendar on August 29, 2016.

41. Deny the allegations set forth in paragraph "41" of the Complaint, except admit that Plaintiff informed Frederick that Louie had requested access to his electronic calendar.

42. Deny the allegations set forth in paragraph "42" of the Complaint, except admit that Frederick spoke with Jessica Heegan ("Heegan"), an Inspector General with DOI, regarding Plaintiff's report of Louie's request, and state affirmatively that Frederick informed Plaintiff that DOI could not counsel him regarding Louie's request.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint, except admit that HPD terminated Plaintiff on September 9, 2016.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. In response to the allegations set forth in paragraph "49" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "48" inclusive of their Answer, as if fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. In response to the allegations set forth in paragraph "54" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "53" inclusive of their Answer, as if fully set forth herein.

55. Deny the allegations set forth in paragraph "55" of the Complaint, and respectfully refer the Court to Section 75-b of the New York Civil Service Law, for a complete and accurate statement of its contents.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint concerning Plaintiff's subjective beliefs.

57. Deny the allegations set forth in paragraph "57" of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's subjective beliefs.

58. Deny the allegations set forth in paragraph "58" of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's subjective beliefs.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's subjective beliefs.

62. Deny the allegations set forth in paragraph "62" of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's subjective beliefs.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

**AS AND FOR A FIRST DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

66. The Complaint fails to state a claim upon which relief can be granted in whole or in part.

**AS AND FOR A SECOND DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

67. All actions taken by Defendants with respect to Plaintiff were taken in good faith for non-retaliatory, legitimate business reasons.

**AS AND FOR A THIRD DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

68. At all times relevant to the acts alleged in the Complaint, Defendants' actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice.

**AS AND FOR A FOURTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

69. Defendants have not violated any rights, privileges or immunities of the Plaintiff under the Constitution or laws of the United States, the State of New York, or any political subdivisions thereof.

**AS AND FOR A FIFTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

70. Plaintiff's rights were not violated as the result of any City custom, policy, or practice.

**AS AND FOR A SIXTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

71. To the extent that Hendrickson is sued in her individual capacity, she is qualifiedly and absolutely immune from suit under state law.

**AS AND FOR A SEVENTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

72. Hendrickson is qualifiedly immune from suit under federal law.

**AS AND FOR A EIGHTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

73. Any damages sustained by Plaintiff were caused by Plaintiff's own negligent or otherwise culpable conduct.

**AS AND FOR A NINTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

74. Subject to proof of discovery, Plaintiff has failed to mitigate his damages, if any.

**AS AND FOR A TENTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

75. HPD is not a suable entity and must be dismissed from this action.

**WHEREFORE**, Defendants respectfully request that this Court enter an order dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems to be just and proper.

Dated: New York, New York
December 1, 2017

**ZACHARY W. CARTER**
Corporation Counsel of the
 City of New York
Attorney for Defendants
100 Church Street, Room 2-193
New York, New York 10007
(212) 356-4078
mconnaha@law.nyc.gov

By: _____/s/_____
Matthew J. Connahan
Assistant Corporation Counsel

To:    Todd Krakower, Esq.
Krakower DiChiara LLC
77 Market Street, Suite 2
Park Ridge, New Jersey 07656
Attorney for Plaintiff
(via ECF)

-10-